**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YOUNG CHOL KIM, | ) | |
| on behalf of himself and all other | ) | |
| Plaintiff similarly situated known and unknown, | ) | |
| | ) | Case No. 15-cv-03747 |
| Plaintiff, | ) | |
| v. | ) | Judge |
| HAKUYA SUSHI, INC. and CHUL KIM | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, YOUNG CHOL KIM, on behalf of himself and all other Plaintiff similarly

situated known and unknown through his attorneys, for his Complaint against HAKUYA

SUSHI, INC. and CHUL KIM ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.          This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for

Defendants' failure to pay minimum and overtime wages to Plaintiff. During the course of his

employment by Defendants, Plaintiff Kim was paid wages less than both the federal and State

of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess of forty

(40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that

Defendants' failure to pay the regular and overtime wages is willful and intentional.

Plaintiff's Consent Forms to be a representative Plaintiff in this collective action under the

FLSA are attached hereto as Exhibit A.

1

## THE PARTIES

2.      Plaintiff was at all times relevant hereto employee of Defendants.

3.      Plaintiff was at all times relevant hereto individuals employed in the State of Illinois by Defendants.

4.      Plaintiff was at all times relevant hereto resided in the State of Illinois.

5.      Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6.      Plaintiff is filing this FLSA claim as individual action for himself.

7.      For the period commencing on or about September 3, 2013 until April 26, 2015, Plaintiff Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8.      Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of their continued employment.

9.      Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

10.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

11.     Plaintiff Kim regularly worked more than 40 hours per week while employed by Defendants.

12.     Plaintiff Kim performed manual labor for Defendants.

13.     Plaintiff Kim was assigned to the said manual labor by Defendants.

2

14.     Plaintiff Kim was not required to possess any specialized skills in order to do the assigned work for Defendants.

15.     Plaintiff Kim did not have to supply his own tools and equipment in connection with his work for Defendant.

16.     Plaintiff was required to report to work for Defendants at a certain time.

17.     Plaintiff could not set his own hours of work for Defendants.

18.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

19.     Defendant, Hakuya Sushi, Inc. is and was at all relevant times hereto engaged in the business of Japanese Restaurant.

20.     Defendant, Hakuya Sushi, Inc. is and was at all relevant times hereto engaged in the interstate commerce.

21.     Defendant Chul Kim ("Kim") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

22.     Defendant Kim participated in and approved of the unlawful pay practices of the corporate Defendant Hakuna Sushi, Inc.

23.     Defendant Kim was involved in assigning work to Plaintiff.

24.     Defendant Kim had the power and authority to discipline Plaintiff.

25.     Defendant Kim exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff were paid.

26.     Defendant Kim hired Plaintiff.

27.     Defendant Kim was in charge of paying employees.

28.     Defendant Kim told Plaintiff where to work and when to work.

3

29.     Defendant Kim managed, supervised, established and administered the terms and conditions of Plaintiff's employment from about September 3, 2013 until April 26, 2015.

30.     Defendant Kim participated in and approved of the unlawful pay practices of the corporate Defendant Hakuna Sushi, Inc.

31.     Defendant Kim was involved in assigning work to Plaintiff.

32.     Defendant Kim had the power and authority to discipline Plaintiff.

33.     Defendant Kim exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

34.     Defendants employed Plaintiff to do work for them in the State of Illinois.

35.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

36.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

37.     Defendants held Plaintiff out as an employee.

38.     At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

39.     At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

40.     At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

4

41.     Defendants employed and paid Plaintiff as their employee.

42.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

43.     Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

44.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

45.     Defendants never obtained legal advice or counsel that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

46.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

47.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

48.     Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

49.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

50.     Defendant Hakuna Sushi, Inc. is an Illinois corporation doing business as a Japanese Restaurant and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

51.     Defendant Kim is a citizen and resident of Cook County and is the President of Defendant Hakuna Sushi, Inc.

## JURISDICTION AND VENUE

52.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §

216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's

claims occurred in this judicial district. This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiff)

53.     All allegations of the Complaint are expressly incorporated herein and Plaintiff

repeats and realleges each and every allegations set forth in this Complaint as though set forth

fully at length herein.

54.     This count arises from Defendants' repeated violation of the Fair Labor Standards

Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff and other

similarly situated employees for all hours worked.

55.     For Plaintiff Kim, for the period commencing on or about September 3, 2013 until

April 26, 2015, Plaintiff Kim regularly and customarily at the specific instructions and

demand of Defendants actually performed work for Defendants in excess of forty (40) hours

per week.

56.     Plaintiff Kim performed work for Defendants the said excess of forty (40) hours

per week work as an express condition of his continued employment.

57.     Throughout Plaintiff Kim's employment, Defendants paid Plaintiff a fixed amount

per week regardless of the number of hours he worked in a day or the number of hours he

worked in a workweek.

58.     Plaintiff Kim regularly worked more than 40 hours a week and was never paid the

6

proper amount of overtime wages.

59.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

60.     During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

61.     Plaintiff and other similarly situated employees were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

62.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

63.     Defendants did not compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

64.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

65.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other simi1arly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

     WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

7

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

66.      Plaintiff hereby incorporates by reference the foregoing paragraphs of this
Complaint into this count.

67.      The FLSA requires employers, such as Defendants, to pay employees the minimum
wage for all hours worked.

68.      At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the
FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal
minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been
$7.25 an hour.

69.      During the applicable statute of limitations, Defendants have failed to pay Plaintiff
and members of the FLSA Collective the federally mandated minimum wage for all hours
worked.

70.      Plaintiff and the FLSA Collective do not or did not perform job duties or tasks that
permit them to be exempt from minimum wage as required under the FLSA.

71.      The foregoing conduct, as alleged herein, constitutes a willful violation of the
FLSA within the meaning of 29 U.S.C. § 255(a).

72.      Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the
amount of all respective unpaid minimum wage compensation at minimum wage rate
effective during the applicable work week, plus liquidated damages, as provided by the FLSA,

8

29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

73.     Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**
**(All Plaintiff)**

74.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

75.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

76.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

77.     At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

78.     Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

79.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

80.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

81.     Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover his unpaid wages,

plus punitive damages in the amount of two percent (2%) per month of the amount of under

payments.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours worked;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law - Overtime Wages
## (All Plaintiff)

82.     All allegations of the Complaint are expressly incorporated herein and Plaintiff

repeats and realleges each and every allegations set forth in this Complaint as though set forth

fully at length herein.

83.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to

28 U.S.C. §1367.

84.     The matters set forth in this Count arise from Defendant's violation of the overtime

compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff

brings this action pursuant to 820 ILCS 105/12(a).

85.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess

of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their

normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

86.     Defendants failed to compensate Plaintiff overtime wages for hours worked in

excess of forty (40) in individual work weeks.

87.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

88.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-halftimes their regular rate of pay for hours worked in excess of forty (40) hours per week.

89.     Pursuant to 820 ILCS 105/12*(*a), Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

    WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours  which Plaintiff worked in excess of forty (40) hours per week

B.     Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

    A jury trial is demanded on all Counts.

                    Respectfully submitted,

Dated: April 29, 2015

                         /s/ Ryan Kim
                        Ryan J. Kim

                         INSEED LAW, P.C.
                        2454 E Dempster St Suite 301
                        Des Plaines, IL 60016
                        Attorney for Plaintiff

11

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN
## A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by

_Haku Ya Sushi_ within the prior 3 years, that I have worked for Defendants hours in excess of forty in individual work weeks, and have not been paid any of the overtime or minimum wages owed to me pursuant to 29 U.S.S. 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Kim Yang Cdol_

My signature: _[signature]_

Date I signed this Notice: _4 . 27 . 2015_